UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN HILL CONCERNED PARENTS ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION,<br><br>Defendant. | Case No. 18-cv-03367-VC<br><br>**ORDER GRANTING CDE'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 406 |

   The motion to dismiss is granted, and the case is dismissed for lack of jurisdiction. This order assumes the reader's familiarity with the facts, governing legal standards, and arguments made by the parties.

   To adequately allege associational standing, Morgan Hill Concerned Parents Association (MHCPA) MHCPA must include in its complaint "specific allegations establishing that at least one *identified member* had suffered or would suffer harm." *Associated General Contractors of America v. California Dep't of Transportation*, 713 F.3d 1187, 1194 (9th Cir. 2013) (quoting *Summers v. Earth Island Institute*, 555 U.S. 488, 498 (2009)). The complaint fails to identify any member of the organization that suffered harm. The complaint attaches an exhibit with the experiences of seventeen children in California, but the exhibit does not identify these children as members of the organization. *See* Ex. A ("The experiences of the following children with disabilities from a variety of California school districts are typical of the experiences of school children with disabilities across the State."). MHCPA claims in its opposition brief that these seventeen children are children of MHCPA members, but that fact is neither pled in the complaint nor are the parents actually identified. *See Associated General Contractors*, 713 F.3d

at 1195 (dismissed for lack of standing when association did "not name any specific members" who "would be harmed").[1]

MHCPA argues that it need not name any specific member because it satisfies the narrow exception carved out by *NAACP v. State of Alabama ex rel Patterson*, 357 U.S. 449 (1958). That case was about a challenge to an order compelling the release of NAACP's membership records, so the Supreme Court declined to require the naming of individual members because the association and its members were "in every practical sense identical." *Id.* at 459. Here, the complaint alleges that MHCPA includes "parents of children with disabilities throughout the State of California" and seeks injunctive relief in the form of new CDE policies designed to better comply with the IDEA. First Amended Complaint ¶ 4, Dkt. No. 6. That neither suggests that every single child of a MHCPA member has been concretely harmed by CDE, nor that injunctive relief would necessarily affect every single child of a MHCPA member such that the association and its members are "in every practical sense identical."

Even assuming the parents of the seventeen children in Exhibit A are members of MHCPA, this case would still need to be dismissed because it is moot. The operative complaint was filed on April 23, 2012. By now, nearly all of the seventeen children have aged out of the school system entirely. *See N.D. v. Reykdal*, 102 F.4th 982, 990 (9th Cir. 2024) (aged-out plaintiffs' claims are moot). And in the last thirteen years, CDE's monitoring system has changed drastically under this Court's oversight in the *Emma C* litigation, during which CDE submitted mountains of evidence about the development and implementation of its new policies. *See* Order Vacating Consent Decree and Terminating Federal Court Oversight, *Emma C. v. Thurmond*, No. 96-CV-04179 (N.D. Cal. Dec. 17, 2024); *see Emma C. v. Torlakson*, 621 F. Supp. 3d 982 (N.D. Cal. 2018) (Phase 1 Compliance Order); *Emma C. v. Thurmond*, 393 F. Supp. 3d 885 (N.D. Cal. 2019) (Phase 2 Order of Non-Compliance); *Emma C. v. Thurmond*, 472

---

[1] Of course, if there were any privacy or safety concerns with naming the parents or children, MHCPA could have moved to seal certain identifying information. But there's no reason to think any such concerns exist.

F. Supp. 3d 641 (N.D. Cal. 2020) (Phase 2 Compliance Order); *Emma C. v. Thurmond*, 668 F. Supp. 3d 902 (N.D. Cal. 2023) (Phase 3A Compliance Order); *Emma C. v. Thurmond*, No. 96-CV-04179, 2024 WL 3560720 (N.D. Cal. July 26, 2024) (Phase 3B Compliance Order); *Emma C. v. Thurmond*, No. 96-CV-04179, 2024 WL 5103092 (N.D. Cal. Oct. 28, 2024) (Phase 4 Compliance Order). Given these developments and the failure of MHCPA to provide any representations as to the current status of these seventeen children (or even other specific members of their organization), this case is moot.

Because the case is dismissed for lack of jurisdiction, by definition the dismissal is without prejudice.

**IT IS SO ORDERED.**

Dated: June 9, 2025

_____
VINCE CHHABRIA
United States District Judge